UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-267-GFVT

JOHN F. BROCK                                                                                         PETITIONER

**MEMORANDUM OPINION AND ORDER**

UNITED STATES DEPARTMENT OF
    JUSTICE, ET AL.                                                                         RESPONDENTS

Before the Court is the "Notice of Appeal" [Record No. 6] and the "Motion for Certificate of Appealability" [Record No. 7] which John F. Brock, the *pro se* petitioner-appellant, has filed. Brock is confined in the United States Prison-Big Sandy ("USP-Big Sandy"). On December 14, 2006, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") and Judgment dismissing Brock's petition for writ of habeas corpus, filed under 28 U.S.C. §2241 [Record Nos. 4 and 5].

1. Notice of Appeal [Record No. 6]

Brock filed a "Notice of Appeal," but he has not paid the $455.00 filing fee. Brock is advised that he will not be able to proceed *in forma pauperis* on appeal.

The Sixth Circuit has concluded that, since 28 U.S.C. §1915 was amended by the Prison Litigation Reform Act of 1996 ("PLRA"), the amended filing fee payment provisions do not apply to §2254 habeas cases and §2255 motions. However, the Sixth Circuit has not resolved in a published opinion whether the amended requirements apply to §2241 habeas cases filed in the district or appellate courts. *See Kincade v. Sparkman*, 117 F.3d 949, 951-52

(6th Cir. 1997); *see also Graham v. United States Parole Comm'n*, 1997 WL 778515 (6th Cir. Dec. 8, 1997) (unpublished opinion adopting *Kincade* approach in a §2241 decision from the United States District Court for the Western District of Tennessee). Consistent with these opinions and their rationale, this Court concludes that the PLRA's changes regarding filing fee payments in §1915(b)(1) do not apply to §2241 petitions.

Title 28 of the United States Code, §1915(a)(3), specifically provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." This provision of §1915 was not changed by the PLRA.

The record reveals that on December 14, 2006, this Court certified that any appeal would not be taken in good faith [*see* Judgment, Record No. 5, ¶ 6]. As the Court has certified that an appeal in the instant proceeding would not be taken in good faith, Brock may not proceed on appeal *in forma pauperis* pursuant to §1915(a)(3). It would be inconsistent for a district court to determine that a petition is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis*. *See Frazier v. Hesson*, 40 F. Supp. 2d 957, 967 (W.D. Tenn. 1999) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2nd Cir. 1983)).

Brock may either pay the $455.00 filing fee in full in this Court within thirty days of the entry of this Order, or he may file a motion seeking pauper status on appeal in the Sixth Circuit. **Under the Federal Rules of Appellate Procedure, an appellant who receives a certification that his appeal is not taken in good faith or is otherwise denied permission to proceed on appeal *in forma pauperis* by the district court may file a motion to proceed on appeal *in forma pauperis* with the court of appeals. Fed. R. App.**

**P. 24(a)(5). This must be done within thirty (30) days and with supporting documentation, including an affidavit of assets and six-month certificate of inmate account.**

## DISCUSSION
### 2. Motion for Certificate of Appealability [Record No. 7]

The Court will deny this motion, as a certificate of appealability is only required to appeal from "(A) the final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under §2255." 28 U.S.C. §2253 (c) (1) (A), (B). The detention about which Brock complained in his §2241 petition arises from process issued by a federal, not state, court. Section 2253 does not require a certificate of appealability under these circumstances.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under §2241, *King v. United States*, 124 F.3d 198, 1997 WL 580776, * 2 (6th Cir. September 18, 1997), the petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. *Greene v. Tennessee Dept. of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001); *Mendietas v. Lamanna*, 187 F.3d 636 (6th Cir. 1999) (unpublished disposition) (appeal from denial of Section 2241 habeas corpus petition does not require certificate of appealability) *Hervey v. United States*, 105 F. Supp.2d 731, 736 (E.D. Mich. 2000). Accordingly, Brock's "Motion for a Certificate of Appealability" [Record No. 7] is **DENIED** as unnecessary.

## CONCLUSION

Accordingly, the Court being sufficiently advised, it is **ORDERED** as follows:

3

(1)     Brock's "Motion for Certificate of Appealability" [Record No. 7] is **DENIED**.

(2)     Brock may either: (a) pay the $455.00 filing fee, in full, in this Court within thirty (30) days of the entry of this Order; or (b) file a motion to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a)(5). This must be done within thirty (30) days of the date of entry of this Order. The motion must be accompanied by an affidavit of assets and six-month certificate of inmate account.

(3)     The Clerk of this Court is directed to forward a copy of this Order to the Clerk of the Court of Appeals for the Sixth Circuit.

This the 22nd day of December, 2006.

Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**